FILED
**United States Court of Appeals
Tenth Circuit**

**October 9, 2019**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

FREDIS TOMAS CHICAS-PEREIRA,

    Defendant – Appellant.

No. 19-2019
(D.C. No. 2:18-CR-00957-DP-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

After examining defense counsel's *Anders* brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Following a full advisement of his rights, Defendant Fredis Tomas Chicas-Pereira pled guilty to one count of illegally reentering the country after being removed following an aggravated-felony conviction, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). At

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentencing, the district court calculated an advisory guideline range of 51 to 63 months of imprisonment. Based on Defendant's lengthy criminal history, including a previous illegal reentry offense for which he had received a 41-month sentence, the district court concluded that a within-guideline sentence of 60 months was sufficient but not longer than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Defendant filed a timely notice of appeal. His appellate counsel subsequently filed a brief asserting that there are no non-frivolous issues to appeal and seeking to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Defendant submitted a pro se response in which he argued that there are non-frivolous appellate arguments that could be raised regarding the district court's sentencing decision and counsel's investigation of the original deportation order.

When appellate counsel files an *Anders* brief, we conduct "a full examination of all the proceedings[] to decide whether the case is wholly frivolous." *Id.* at 744. After reviewing the entire record in this case, we see no non-frivolous issue that counsel could raise on appeal.

First, we see no legitimate basis for Defendant to challenge his plea of guilty, which was entered after a full advisement of rights. *See* Fed. R. Crim. P. 11(b). Although Defendant could potentially attempt to challenge the validity of the group-plea process in which he and several other illegal-reentry defendants received their advisements together, he did not raise this argument in the district court proceedings, and

we held in a case involving a very similar group-plea hearing that "[a]ny error was not plain, given the dearth of applicable Supreme Court and Tenth Circuit case law" on this issue. *United States v. Mejia-Rios*, 741 F. App'x 580, 586 n.7 (10th Cir. 2018). Thus, we are not persuaded that Defendant could raise a non-frivolous argument for plain error here.

Defendant contends that his attorney could raise a non-frivolous appellate argument that trial counsel was ineffective in failing to investigate possible challenges to the original deportation order. However, "[t]he rule in this circuit . . . is that claims of constitutionally ineffective counsel should be brought on collateral review," and this case does not present one of those "rare [ineffective-assistance] claims which are fully developed in the record" and thus could be brought on direct appeal instead. *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc). We therefore conclude that this potential argument likewise does not present a non-frivolous claim for relief in this appeal.

Finally, we see no basis in the record for counsel to raise a non-frivolous challenge to the district court's sentencing decision. Defendant did not object to the district court's calculation of the advisory sentencing guideline range below, and we see no error, much less plain error, in the district court's calculation of this range or explanation of the sentencing decision. *See United States v. Taylor*, 843 F.3d 1215, 1219 (10th Cir. 2016); *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). Contrary to Defendant's

assertions in his pro se response, we see no non-frivolous arguments that could be raised regarding the potential effect of the recent First Step Act or the earlier Fair Sentencing Act of 2010 on the district court's sentencing calculation: Defendant has not cited, nor have we found, any provisions of the cited Acts that would affect the district court's calculation of the guideline range for this illegal-reentry offense. As for the substantive reasonableness of the 60-month sentence, the record reveals no non-frivolous arguments that could be raised to rebut the presumption of reasonableness attached to Defendant's within-guideline sentence. *See United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

We accordingly **GRANT** counsel's motion to withdraw and **DISMISS** the appeal. Defendant's motion for leave to file his pro se response out-of-time is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge